UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ JUN 2 7 2017 ★

BROOKLYN OFFICE

-----------------------------------------------------------

CSI ENTERTAINMENT, INC.,

        Plaintiff,

- against -

ANTHEM MEDIA GROUP, INC., AND
FIGHT MEDIA, INC., D/B/A THE FIGHT
NETWORK,

        Defendants.

-----------------------------------------------------------

**DECISION AND ORDER**

15-cv-03508 (AMD)(RER)

**ANN DONNELLY**, District Judge.

The plaintiff, CSI Entertainment, Inc. ("CSI"), brought this action against the defendants, Anthem Media Group, Inc. ("Anthem") and Fight Media Inc. ("FM") (collectively, the "defendants"), alleging that the defendants, in using the mark FIGHT NETWORK, infringed on two of CSI's federally registered service marks: (1) FIGHT SPORTS, and (2) FIGHT SPORTS NETWORK. On June 16, 2015, CSI moved for an order to show cause for a preliminary injunction to prohibit the defendants from using their mark, FIGHT NETWORK, during the pendency of this litigation. (ECF No. 4.) On November 3, 2015, Magistrate Judge Ramon E. Reyes, Jr., held a four-day preliminary injunction hearing, and thereafter issued a Report and Recommendation ("R&R") on December 30, 2016, recommending that the plaintiff's request for a preliminary junction be denied. (ECF No. 75.) The plaintiff filed objections to the R&R on March 10, 2017, and the defendants responded to the plaintiff's objections on April 7, 2017. On

1

June 23, 2017, CSI filed a motion to supplement its objections, to which the defendants responded on June 26, 2017. (ECF No. 86; ECF No. 87.)

I have reviewed, among other things, the plaintiff's complaint,[1] the plaintiff's brief in support of the order to show cause and the defendants' opposition to that brief, Judge Reyes' R&R, the plaintiff's objections to the R&R, and the defendants' response to the plaintiff's objections. For the reasons described in further detail below, I adopt Judge Reyes' thorough and well-reasoned R&R in its entirety, and dismiss the plaintiff's request for a preliminary injunction with prejudice.

## BACKGROUND

The facts of this matter are discussed in greater detail in Judge Reyes' R&R. (ECF No. 75.) In summary, the plaintiff, CSI, is a multimedia company that acquires, produces, and distributes fight-related content through various media outlets in the United States and internationally. (ECF No. 75 at 3; ECF No. 80 at 3.) Among other trademarks, CSI has two federally registered marks with the United States Patent and Trademark Office ("USPTO") – one for FIGHT SPORTS and the other for FIGHT SPORTS NETWORK – the trademarks at issue in this matter. (ECF No. 75 at 3.) CSI registered FIGHT SPORTS NETWORK with the USPTO on January 10, 2006, and registered FIGHT SPORTS with the USPTO on June 11, 2006. (ECF No. 75 at 3.)

The defendants are Canadian companies, with principal places of business in Toronto, Canada, and offer a "24/7" fight-related content channel called FIGHT NETWORK.[2] (ECF No. 75 at 3, 4, 6-7.) When CSI became aware that the defendants' predecessor company, Fight

---

[1] This case was reassigned to me in November of 2015.
[2] Anthem acquired THE FIGHT NETWORK in 2011 and subsequently changed the name to FIGHT NETWORK. (ECF No. 75 at 3.)

2

Media, was using THE FIGHT NETWORK mark in Canada, it sent a cease and desist letter to the company on March 21, 2007. (ECF No. 75 at 6.) Fight Media responded on April 13, 2007, claiming that the marks were generic and denying infringement, and that unless it heard "to the contrary" from CSI, it would consider the matter "settled to CSI's satisfaction." (ECF No. 75 at 6.) CSI never responded to this letter. (ECF No. 75 at 6.) Anthem later acquired Fight Media in 2011. (ECF No. 75 at 3.)

Some time later, in June of 2014, CSI learned of the defendants' entry into the U.S. markets when the defendants launched their 24/7 FIGHT NETWORK channel. (ECF No. 75 at 7.) Thereafter, the defendants tried and failed to register its mark, FIGHT NETWORK, with the USPTO; the USPTO rejected the application in part because the defendants' mark was similar to CSI's registered marks. (ECF No. 75 at 7.) CSI commenced this action on June 16, 2015 and requested a preliminary injunction to enjoin the defendants from using the FIGHT NETWORK mark during this litigation. (ECF No. 75 at 7.)

Judge Reyes held a four-day preliminary injunction hearing beginning on November 3, 2015. (ECF No. 83 at 3.) During the hearing, CSI called six witnesses to testify about the use of CSI's marks, CSI's business model, and CSI's industry reputation. (ECF No. 75 at 2.) The defendants called four witnesses to testify about the generic nature and use of CSI's marks, the defendants' presence in the market, and the defendants' reputation in the industry. (ECF No. 75 at 2.)

On December 30, 2016 Judge Reyes issued an R&R denying the plaintiff's request for a preliminary injunction. On March 10, 2017, the plaintiff submitted its objections to Judge Reyes' R&R, to which the defendants responded on April 7, 2017. (EFC No. 80; ECF No. 83.)

Subsequently, on June 23, 2017, CSI moved this Court to supplement its objections to the R&R, and the defendants responded on June 26, 2017.[3]

For the reasons set forth below, I adopt Judge Reyes' R&R in its entirety.

## DISCUSSION

In considering a magistrate judge's report and recommendation, the district court judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Fed. R. Civ. P. 72(b).

When a magistrate judge makes a recommendation that is dispositive of a party's claim, the district judge must review *de novo* any part of the magistrate judge's decision to which a party properly objects. Fed. R. Civ. P. 72(b)(3). The court may adopt any sections of the magistrate's report to which a party did not object, as long as the magistrate's decision was not "facially erroneous." *Markey v. Lapolla Indus., Inc.*, No. 12-cv-4622-JS-AKT, 2016 WL 324968, at *3 (E.D.N.Y. Jan. 26, 2016) (citation omitted). Motions for preliminary injunctions are considered dispositive motions. *See, e.g., Mitchell v. Century 21 Rustic Realty*, 233 F. Supp. 2d 418, 430 (E.D.N.Y.), aff'd, 45 F. App'x 59 (2d Cir. 2002).

If a party does not object to a conclusion in the magistrate judge's report, the argument is waived, and will not be reviewed. *See, e.g., Johnson v. Woods*, 426 F. App'x 10, 11 (2d Cir. 2011) (citing *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003)).

---

[3] The plaintiff's June 23, 2017 application for additional discovery into the "recent expan[sion]" of the defendants' use of its mark in connection with Verizon's GO90 service is denied. (ECF No. 86.) Not only is this request untimely – occurring months after the preliminary injunction hearing and the submission of the R&R – but Judge Reyes already considered it in his R&R, and found that the factor the plaintiff contends it supports favored the *plaintiff*. (ECF No. 75 at 4, fn 5, 28-29.) Thus, the discovery the plaintiff seeks is needlessly duplicative. Finally, as discussed below, additional discovery would not change my decision to adopt Judge Reyes' R&R. (*Infra* at 4-7.)

4

A party seeking the extraordinary remedy of a preliminary injunction must demonstrate by a clear showing: (1) irreparable harm absent injunctive relief; (2) either a likelihood of success on the merits, or a serious question going to the merits to make them fair ground for trial, with the balance of hardships tipping decidedly in the movant's favor; and (3) that the public's interest weighs in favor of granting an injunction. *Red Earth LLC v. United States*, 657 F.3d 138, 143 (2d Cir. 2011) (internal quotation marks and citations omitted); *Moore v. Consolidated Edison Co. of New York*, 409 F.3d 506, 511 (2d Cir 2005) (internal quotation marks and citations omitted).

Here, the plaintiff did not object to Judge Reyes' determination that CSI failed to establish that it would suffer irreparable harm in the absence of injunction relief. (ECF No. 75 at 9-20; *see generally*, ECF No. 80.) Nor did the plaintiff object to Judge Reyes' conclusion that the public interest is not harmed by denying the plaintiff's request for injunctive relief. (ECF No. 75 at 35-36; *see generally*, ECF No. 80.) I find, therefore, that CSI has waived further review of two of the three prongs of the preliminary injunction analysis, and as a result, that Judge Reyes' findings that the plaintiff has not carried its burden with respect to these two prongs, stand. *See Cephas*, 328 F.3d at 107.

In view of the foregoing, it is unnecessary to consider the plaintiff's likelihood of success on the merits – that the plaintiff's trademarks are entitles to protection and that the defendants' use of its mark is likely to cause confusion. *See Caldwell Mfg. Co. N. Am., LLC v. Amesbury Grp., Inc.*, No. 11-CV-6183T, 2011 WL 3555833, at *6 (W.D.N.Y. Aug. 11, 2011) ("[b]ecause the plaintiff has failed to establish that it is subject to irreparable harm if the preliminary injunction is not issued, the court need not determine whether or not plaintiff will likely succeed on the merits of its claim") (collecting cases); *Stein v. 1-800-Flowers.com, Inc.*, No. 16-cv-6252-

RRM-RLM, 2016 WL 8230128, at *3 (E.D.N.Y. Dec. 2, 2016) (denying request for a preliminary injunction because the plaintiff failed to demonstrate irreparable harm despite whether the plaintiff would be likely to succeed on the merits of the claim). Nevertheless, because this issue constitutes the whole of the plaintiff's objections, I will address the point. The plaintiff objects to Judge Reyes' conclusions that: (1) CSI's marks are "generic" and not sufficiently "used in commerce" to warrant protection under § 1114 of the Lanham Act (15 U.S.C. § 1114), and (2) based on the *Polaroid* factors (*Polaroid Corp. v. Polarad Elecs. Corp.*, 287 F.2d 492 (2d Cir. 1961)), there is not a high likelihood of consumer confusion between CSI's and the defendants' marks. (ECF No. 80 at 6-17.) The plaintiff's arguments are not persuasive. Judge Reyes thoughtfully analyzed the evidence from the four-day hearing, and based his conclusions on that evidence. The plaintiff does not put forth any compelling legal authority or additional evidence to substantiate its objections. In particular, I reject CSI's assertion that Judge Reyes' finding of "genericness" [sic] amounts to a "forfeiture of a property right." (ECF No. 80 at 11.) Judge Reyes evaluated the plaintiff's likelihood of success on the merits for purposes of deciding whether to grant a preliminary injunction; it is not a final adjudication of the merits. *See J.P. Morgan Sec. Inc. v. Louisiana Citizens Prop. Ins. Corp.*, 712 F. Supp. 2d 70, 75 (S.D.N.Y. 2010) ("[t]he purpose of a preliminary injunction is to preserve the status quo between parties pending a final determination of the merits . . . . a court is not called upon finally to decide the merits of the controversy") (internal quotation marks and citations omitted). The parties remain free to litigate the substantive issues to a final resolution.

Because the plaintiff has failed to establish (1) that it will suffer irreparable harm in the absence of injunctive relief, and (2) that the public interest weighs in favor of granting injunctive

6

relief, the Court finds that the plaintiff has not made a clear showing that it is entitled to the extraordinary remedy of injunctive relief.

## CONCLUSION

Accordingly, I adopt Judge Reyes' R&R in its entirety, deny the plaintiff's request for a preliminary injunction, and deny the plaintiff's request for additional discovery to supplement its objections.

**SO ORDERED.**

s/Ann M. Donnelly

Ann M. Donnelly
United States District Judge

Dated: Brooklyn, New York
      June 27, 2017